Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Lorena Munoz**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Infoarmor, Inc.**, an Arizona company;<br><br>Defendant. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201,** *ET SEQ.*<br><br>**(Jury Trial Requested)** |

Plaintiff Lorena Munoz ("**Plaintiff**"), individually, and on behalf of all other persons similarly situated for her Collective Action Complaint against Defendant Infoarmor, Inc. ("**Infoarmor, Inc.**"); hereby alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff and the Collective Members[1] are current and former workers employed by Defendant.

2. Plaintiff brings this action on behalf of herself and all other similarly situated Collective Members who were not fully compensated their overtime wages.

---

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

3. Plaintiff and the Collective Members were compensated on an hourly basis and were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

4. Plaintiff and the Collective Members bring this action against Defendant for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

5. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendant regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

9. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

## PARTIES

10. At all relevant times to the matters alleged herein, Plaintiff Lorena Munoz resided in the District of Arizona.

11. At all relevant times to the matters alleged herein, Plaintiff Lorena Munoz was a full-time employee of Defendant from on or around February 21, 2022, until currently.

12. At all relevant times to the matters alleged herein, Plaintiff Lorena Munoz was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

13. At all relevant times to the matters alleged herein, Plaintiff Lorena Munoz and the Collective Members were non-exempt employees.

14. Defendant Infoarmor, Inc. is a company authorized to do business in Arizona.

15. Defendant Infoarmor, Inc. was Plaintiff and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

16. Upon reasonable belief, Plaintiff, in her work for Defendant and the Collective Members, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

17. Upon reasonable belief, Plaintiff, in her work for Defendant and the Collective Members, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

18. Upon reasonable belief, Plaintiff, in her work for Defendant and the Collective Members, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

19. Upon reasonable belief, Plaintiff, in her work for Defendant and the

Collective Members, were employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2023.

20. At all relevant times, Plaintiff and the Collective Members, in their work for Defendant, was engaged in commerce or the production of goods for commerce.

21. At all relevant times, Plaintiff and the Collective Members, in their work for Defendant, were engaged in interstate commerce.

22. Plaintiff and the Collective Members, in their work for Defendant, regularly handled goods produced and transported in interstate commerce.

23. Plaintiff and the Collective Members would communicate with Defendant via telephone, email, and Slack messages.

24. Plaintiff and the Collective Members are covered employees under individual coverage.

25. Plaintiff and the Collective Members are covered employees under enterprise coverage.

### FACTUAL ALLEGATIONS RELATING TO PLAINTIFF MUNOZ

26. The entity Defendant is an identity theft protection company.

27. On or around February 21, 2022, Plaintiff Lorena Munoz commenced employment with Defendant as a Customer Care Specialist.

28. Plaintiff's most current job title is a Restoration Specialist II.

29. Plaintiff's primary job duties included assisting with customer care, answering phones, creating cases, resolving identity theft issues, and working in conjunction with credit merchants, state and national government entities to resolve identity theft claims.

30. Upon hire, Plaintiff was paid at a rate of $18.70 an hour until in or around August 2022.

31. Plaintiff was paid at a rate of $23.10 an hour from in or around August 2022 until in or around September 2022.

32. Plaintiff was paid at a rate of $26.40 an hour from in or around September 2022 until present.

33. Plaintiff Lorena Munoz routinely worked in excess of 40 hours per week.

34. Plaintiff Lorena Munoz was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

35. Plaintiff Lorena Munoz is not compensated for the time she spends getting checked through security, locking up personal items, and booting up her computer.

36. Plaintiff has to pass through metal detectors at the front door before and after work every day.

37. There is only one access door, so the lines can take awhile.

38. This check times can average around 10 minutes per day of no compensation.

39. Plaintiff is not allowed to bring her cell phone or purse into the call center and must lock these items in a storage locker before starting work.

40. Plaintiff is not allowed to remove books or papers from the call center, so if she has these items, she has to wait for a supervisor to walk the items in or out of the building.

41. Plaintiff's computer takes numerous minutes to reboot every day.

42. Plaintiff estimates this process averages about 15 minutes a day.

43. Plaintiff is not allowed to clock in until after her computer is booted.

44. When Plaintiff works from home, the reboot time is even longer because she has to log into a VPN before she can clock in.

45. This averages out to around 75 minutes a week that Plaintiff is not compensated for.

46. For example, during the workweek of August 7, 2023, Plaintiff worked approximately 2 hours of overtime that she did not receive overtime compensation.

47. At all relevant times during Plaintiff's employment, Defendant failed to properly compensate Plaintiff for all her overtime hours.

48. Defendant was aware that Plaintiff's working hours routinely exceeded 40 hours.

49. Defendant paid Plaintiff for all other overtime when she was clocked in.

50. Defendant required Plaintiff to work overtime as a condition of her employment.

51. Defendant wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

52. Defendant refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

53. Defendant has not kept proper records in violation of 29 C.F.R. § 516.2.

54. Defendant failed to post and keep posted in a conspicuous place the required poster / notice explaining employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

55. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

58. The proposed collective class for the FLSA claim is defined as follows:

**All persons who work[ed] for Defendant Infoarmor, Inc. within the past three years; who work[ed] over 40 hours in any given workweek as a past or present worker; who worked on an hourly basis; who did not receive overtime compensation for all hours worked off the clock are known as (the "Collective Members").**

59. Plaintiff has given her written consent to be a Named Party Plaintiff in this action pursuant to U.S.C. § 216(b).

60. Plaintiff's signed consent form is attached as **"Exhibit 1"**.

61. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

62. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendant suffered or permitted them to work.

63. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to

Plaintiff's are identical or substantially similar.

64. Defendant paid Plaintiff and the Collective Members an hourly rate.

65. Plaintiff and the Collective Members routinely worked over forty (40) hours in a given workweek and were not compensated by Defendant with overtime pay for all hours they worked over forty in a given workweek.

66. The Collective Members perform or have performed the same or similar work as Plaintiff.

67. Plaintiff and the Collective Members worked of-the-clock and were not paid time-and-a-half for all hours worked.

68. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of all overtime pay.

69. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

70. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the Collective Members.

71. All collective members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

72. Notice of this action should be sent to all similarly situated employees.

73. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the

case.

74. Those similarly stated employees are known to Defendant and are readily identifiable through Defendant's records.

## COUNT I
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

75. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

76. Plaintiff and the Collective Members are/were non-exempt employees entitled to the statutorily mandated overtime wages.

77. While employed by Defendant, Plaintiff and the Collective Members worked numerous hours of overtime that Defendant did not pay.

78. As a result, Defendant has intentionally failed and/or refused to pay Plaintiff and the Collective Members all owed overtime according to the provisions of the FLSA.

79. Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

80. Defendant knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal law, and Defendant was aware of the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

81. As a result of Defendant's failure or refusal to pay Plaintiff and the Collective Members a wage equal to one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Defendant in excess of their regular 40-

hour workweek, Defendant violated 29 U.S.C. § 207(a).

82. Plaintiff and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendant:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that the Defendant committed one or more of the following acts:

   i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

   ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     For the Court to provide reasonable incentive awards for the named Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and for the risks she took in doing so; and

G.     Such other relief as this Court shall deem just and proper;

RESPECTFULLY SUBMITTED August 21, 2023.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff